PER CURIAM.
Kenneth L. Milton requests that we review the order of the United States Court of Appeals for Veterans Claims granting the motion of the Secretary of the Department of Veterans Affairs to dismiss Mr. Milton’s appeal for lack of jurisdiction pursuant to 38 U.S.C. § 7266(a). Because we lack jurisdiction under 38 U.S.C. § 7292, we dismiss the appeal.
BACKGROUND
On May 3, 2003, Mr. Milton sent a letter to the Board of Veterans’ Appeals that he described as his notice of appeal from the Board’s December 15, 1980 decision. The Department of Veterans Affairs (‘VA”) Regional Office wrote back to Mr. Milton on July 18, 2003, advising him that any notice of appeal from the Board decision “should have been submitted directly to the Court of Veterans Appeals,” within “180 days” of the date of his notification letter. On August 25, 2003, Mr. Milton filed a notice of appeal with the Court of Appeals for Veterans Claims, listing “July 18, 2003” as the date of the Board decision appealed from.
On October 10, 2003, the Secretary moved to dismiss Mr. Milton’s appeal for lack of jurisdiction on the ground that there was no record of any Board decision on July 18, 2003 concerning Mr. Milton. After the Court of Appeals for Veterans Claims reviewed Mr. Milton’s submissions and granted Mr. Milton’s motion for reconsideration of its November 21, 2003 grant of the Secretary’s motion to dismiss, the court ultimately dismissed Mr. Milton’s appeal on January 21, 2004. It found that “there is no final [Board] decision concerning [Mr. Milton] dated July 18, 2003,” and explained that “[b]ecause there is no final decision of the [Board] to review, [the Court of Appeals for Veterans Claims] does not have jurisdiction to address these matters.”
This appeal followed.
DISCUSSION
Under 38 U.S.C. § 7292, this court’s jurisdiction to review a decision of the Court of Appeals for Veterans Claims is highly circumscribed. The order dismissing Mr. Milton’s appeal for lack of jurisdiction did not address or depend on any issue of validity or interpretation of any statute or regulation, and Mr. Milton raises no such issues. His challenge is directed to the court’s interpretation of facts, which we are not authorized to review. 38 U.S.C. § 7292(d) (“Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.”). Whether or not there was a Board decision on July 18, 2003 is a matter of fact in our view. Even if, in a particular case, the issue of whether a *103 Board decision exists turns on the content and characteristics of an opinion, here it does not. The finding of no July 18 decision in this case rested on the affidavit of an employee who reviewed all Board decisions involving Mr. Milton and found none dated July 18, 2003. Therefore, in this case, there can be no doubt that the issue is purely factual. Accordingly, we lack jurisdiction to review the dismissal decision of the Court of Appeals for Veterans Claims, and thus dismiss Mr. Milton’s appeal.